## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
_____
                                    )
MARVIN ALEXANDER FIGUEROA           )
MAZARIEGO,                          )
                                    )
          Petitioner,               )
                                    )          Civil Action
v.                                  )          No. 20-10635-PBS
                                    )
ANTONE MONIZ,                       )
Plymouth County Superintendent      )
                                    )
          Respondent.               )
_____)
```

## ORDER

May 6, 2020

Saris, D.J.

Petitioner Marvin Alexander Figueroa Mazariego brings this habeas petition seeking relief on two grounds. First, Petitioner argues that his immigration bond hearing did not meet due process standards because he was required to bear the burden of proof, rather than the Government. Petitioner claims he was prejudiced by this error and so is entitled to receive a new bond hearing consistent with the Court's declaratory judgment in Brito v. Barr, 415 F. Supp. 3d 258 (D. Mass. 2019) ("Brito"). Second, Petitioner argues that, because of his underlying medical conditions and his home country's refusal to accept deportees during the COVID-19 pandemic, his detention serves no

1

legitimate governmental purposes and therefore violates due process. Petitioner requests immediate release from custody on this ground.

Now, Respondent moves to dismiss the petition. Respondent contends that Figueroa Mazariego cannot demonstrate prejudicial injury because there is sufficient evidence that his release would pose a danger to the community and that he is a risk of flight. For the reasons stated below, the Court **ALLOWS** the motion to dismiss (Docket No. 9).

### LEGAL STANDARD

Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." After ICE makes the initial decision to detain an alien, the alien may request a bond hearing in immigration court at any time before a removal order becomes final. 8 C.F.R. § 236.1(d)(1). In Pensamiento v. McDonald, the Court held that constitutional due process "requires placing the burden of proof on the government in § 1226(a) custody redetermination hearings." 315 F. Supp. 3d 684, 692 (D. Mass. 2018).

In a subsequent class action, Brito v. Barr, the Court entered the following declaratory judgment:

> [A]liens detained pursuant to 8 U.S.C. § 1226(a) are entitled to receive a bond hearing at which the Government must prove the alien is either dangerous by

> clear and convincing evidence or a risk of flight by a
> preponderance of the evidence and that no condition or
> combination of conditions will reasonably assure the
> alien's future appearance and the safety of the
> community. At the bond hearing, the immigration judge
> must evaluate the alien's ability to pay in setting
> bond above $1,500 and must consider alternative
> conditions of release, such as GPS monitoring, that
> reasonably assure the safety of the community and the
> alien's future appearances.

415 F. Supp. 3d at 271. The Court held that class members who

had received an unlawful hearing could seek relief by "show[ing]

prejudice via an individual habeas petition." Brito v. Barr, 395

F. Supp. 3d 135, 148 (D. Mass. 2019).

To establish prejudice, a petitioner must show that a due

process violation could have affected the outcome of the custody

redetermination hearing. See Doe v. Tompkins, No. 18-cv-12266,

2019 U.S. Dist. LEXIS 22616, at *3-4 (D. Mass. Feb. 12, 2019)

(citing Pensamiento, 315 F. Supp. 3d at 693; then citing Singh

v. Holder, 638 F.3d 1196, 1205 (9th Cir. 2011)). The prejudice

inquiry requires the court to conduct "an individualized

assessment of [the petitioner's] criminal history and personal

characteristics." Brito, 395 F. Supp. 3d at 147.

### FACTS

The following facts are undisputed except where stated

otherwise.

Petitioner is a citizen of El Salvador. Petitioner alleges

that he entered the United States in 2004 and again in 2014.

3

Upon entry in 2014, Petitioner entered was arrested by U.S. Border Patrol. Petitioner was detained from November 2014 to May 2015, which Petitioner alleges was "due to an error on the part of the government, [because the Petitioner's] identity had been stolen." Dkt. 1 ¶ 23; see also Dkt. 10-2 at 4 (immigration judge's bond memorandum) (citing documentary evidence that another individual had used Petitioner's alien registration number to apply for Temporary Protective Status). Petitioner does not have any lawful status in the United States.

Petitioner works in construction in Massachusetts and Texas. He has family members in Texas. Petitioner's wife and son have been granted asylum by the Boston Immigration Court.

In December 2016, ICE received an Interpol Red Notice for the Petitioner. The Red Notice is based upon an arrest warrant issued in June 2016 by the Specialized Magistrate Court in Santa Ana, El Salvador, charging the Petitioner with murder and attempted murder. The warrant indicates that the Petitioner is charged with the murder of Otto Ivan Lopez Garza and the attempted murder of Juan Antonio Vanegas Hernandez. An ICE investigator subsequently confirmed that the warrant is still active as of April 2020.

In July 2019, ICE arrested the Petitioner. Petitioner received a custody redetermination hearing in August 2019. At that hearing, Petitioner presented evidence of strong ties to

the community and consistent appearance at scheduled check-ins with ICE. Petitioner also presented a mistaken identity defense with regards to the Red Notice. The immigration judge rejected this argument, noting that the Red Notice included biographical information consistent with the information on Petitioner's birth certificate. The immigration judge concluded that the Petitioner had failed to demonstrate that he was not a danger to the community or a flight risk, and consequently declined to release him on bond. In January 2020, the Board of Immigration Appeals ("BIA") affirmed the IJ's opinion denying release on bond.

In December 2019, an immigration judge issued a written decision denying Petitioner's applications for relief from removal. The Petitioner appealed the decision to the BIA, and the appeal remains pending.

## I.   **Brito Claim**

In analyzing a detainee's request for a bond redetermination, an immigration judge may consider several factors, including:

> (1) Whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to

flee persecution or otherwise escape authorities, and (9)
the alien's manner of entry to the United States.

Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

Petitioner argues that the result of his bond hearing would
have been different if the Immigration Court had placed the
burden of proof upon the Government. Respondent contends that
the petition should be dismissed because the Petitioner cannot
demonstrate prejudice.

### A. Danger to the Community

Brito requires the Government to prove that an alien
detained pursuant to Section 1226(a) is dangerous by clear and
convincing evidence. See Brito, 415 F. Supp. 3d at 267.

The Respondent argues that the allocation of the burden of
proof could not have affected the outcome of the bond hearing,
given Petitioner's pending foreign arrest warrant for murder and
attempted murder.

Petitioner disputed the factual basis of the Red Notice and
warrant by citing news articles indicating that Juan Antonio
Vanegas Hernandez survived the October 2014 attack. Respondent
subsequently clarified that the October 2014 attack consisted of
the attempted murder of Vanegas Hernandez and the completed
murder of Lopez Garza. Petitioner also provided a news article
from February 2018 reporting that the Attorney General of El
Salvador's office had obtained convictions of two individuals

responsible for the October 2014 assault. The Respondent subsequently filed additional documentation indicating that the Attorney General of El Salvador's office still intends to prosecute the Petitioner upon his return to El Salvador.

Petitioner has not demonstrated that he suffered prejudice from bearing the burden of proof as to dangerousness. The Respondent has provided ample documentation indicating that El Salvador issued an active warrant charging the Petitioner with murder and attempted murder. Cf. Hernandez-Lara v. ICE, No. 19-cv-394-LM, 2019 WL 3340697, at *2, *7 (D.N.H. July 25, 2019) (finding prejudice in bond hearing where detainee bore burden of proof and immigration judge noted that he did not have any documentation regarding the detainee's alleged criminal conduct, beyond existence of Red Notice). Petitioner has not demonstrated that the burden allocation "could have affected" the Immigration Court's assessment of dangerousness, even under the heightened burden of clear and convincing evidence. See Doe, 2019 U.S. Dist. LEXIS 22616, at *3-4.

**B. Risk of Flight**

Pursuant to the Court's holding in Brito, the Government carries the burden to prove that an alien poses a flight risk by "a preponderance of the evidence." See Brito, 415 F. Supp. 3d at 267.

The Respondent argues that Petitioner is a flight risk because of his outstanding warrant from El Salvador. The Respondent contends that Petitioner has an incentive to flee in order to avoid deportation to El Salvador and likely prosecution that country. In response, Petitioner argues that he is likely to gain lawful status derivatively through his wife and son. Petitioner argues that the burden allocation at his bond hearing therefore could have affected the Immigration Court's assessment of flight risk.

The Court finds that the burden allocation could not have affected the Immigration Court's assessment of flight risk where, as here, the Petitioner faces not only deportation to El Salvador but also potential prosecution for murder and attempted murder.

## II.  **COVID-Related Claim**

Petitioner argues his detention violates due process because his removal is not reasonably foreseeable, as El Salvador is currently refusing the return of deportees from the United States and Mexico to stop the spread of the COVID-19 virus. Petitioner also alleges that he has diabetes and therefore is at increased risk of suffering harm from COVID-19.

While El Salvador may be refusing the return of deportees at this time, in this case the Attorney General's Office of El Salvador affirmed last week that it seeks to prosecute the

Petitioner, who is subject to an active warrant. Even if Petitioner's allegations regarding his medical condition are true, given the seriousness of the pending murder and attempted murder charges in El Salvador, this Court denies his release on the grounds of the COVID pandemic.

## CONCLUSION

For the reasons stated above, the Respondent's motion to dismiss (Docket No. 9) is **ALLOWED**.


SO ORDERED.


/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge